UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

18750 SUNSET LANDING LLC,

Plaintiff,

v. CASE NO:

SOUTHERN COMFORT , **IN ADMIRALITY**

Defendant.
______________________________/

**VERIFIED COMPLAINT *IN REM***

Comes now, 18750 Sunset Landing LLC, a Florida Limited Liability Company, (hereinafter Sunset Landing) by and through its undersigned counsel, and pursuant to 28 USC 1333, and Rule C of the Supplemental Rules for Admiralty or Maritime Claims and files this Verified Complaint *in rem* against, "Southern Comfort", Official Number 558178, her engines, tackle, apparel, furniture, equipment, etc., (*in rem*) and alleges as follows:

1. This is an Admiralty and Maritime claim within the meaning of Federal Rule of Civil Procedure 9(h), and Rule C, of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2. This Court has submit matter jurisdiction over this action pursuant to 28 USC 1333.

3. Plaintiff is a Florida Limited Liability Company existing under the laws of the State of Florida operating a commercial marina and boat storage facility located at 18750 San Carlos Blvd., Fort Myers Beach, Lee County, Florida within the Middle District of Florida.

4. Defendant is the vessel "Southern Comfort," a 1974 Vessel, USCG Documentation Number 558178, Call Sign KU55817.

5. At all times material hereto, the Defendant vessel is and has been located within the navigable waters of the United States and within the geographic boundaries of the Middle District of Florida, specifically stored at Plaintiff's marina and boat storage facility in Fort Myers Beach, Florida.

**Statement of Facts and Maritime Lien**

6. On or about January 1, 2026, Plaintiff's and the owner(s) of Defendant vessel, Coral Cargo and Imports, LLC, entered into a storage, dockage, and berthing agreement pursuant to which Plaintiff agreed to provide storages, utilities, and marina services to Defendant vessel.

7. Under the terms of the Agreement and applicable maritime law, the owner(s) agreed to pay Plaintiff storage fees at a rate of $5,900.00/month.

8. Pursuant to 46 USC 31342, Plaintiff provided "necessaries" – specifically, dockage, storage, berthing, and related marina services to the

Defendant vessel. These necessaries were provided on the order of the owner or a person authorized by the owner.

9. The Defendant vessel has received and enjoyed the full benefit of the storage and necessaries provided by Plaintiff.

10. The owner(s) of the Defendant vessel have breached the Agreement and failed to pay for the storage and necessaries provided, with payments ceasing as of February, 2026.

11. Despite repeated demands for payment, there remains a principal balance of $35,400.00 representing payments of $5,900.00, for the months of March, April, May, June, July, August 2026, due and owing to the Plaintiff for dockage and related berthing fees and necessaries and Defendant vessel continues to accrue monthly storages fees at a rate of $5,900.00/month. The balance due and accruing payments continue to accrue interest pursuant to maritime law.

12. All conditions precedent to the filing of this action have been performed have occurred, or have been waived.

**Count I – Enforcement of Maritime Lien *In Rem***

13. Plaintiff realleges and incorporates paragraphs 1-12 as if fully set forth herein.

14. By virtue of providing the necessaries -dockage, storage, berthing, and related marina services- to the Defendant vessel, Plaintiff holds a valid,

enforceable federal maritime lien against the Defendant vessel, *in rem*, pursuant to 46 USC 31342. See attached Notice of Claim of Lien recorded on August 19, 2026 attached hereto as Exhibit A.

15. The maritime lien is superior to all other claims and interests against the Defendant vessel, but for and except any preferred maritime liens.

16. Plaintiff is entitled to have the Defendant vessel arrested, condemned, and sold by order of this Court, and to have the proceeds of the sale applied to satisfy Plaintiff's maritime lien, including outstanding storage fees, pre-judgment interest, attorneys' fees, and the costs of this action.

Wherefore, Plaintiff, respectfully requests this Court

a. process in due form of law as provided by Supplemental Rule C for Certain Admiralty and Maritime Claims issue against the Defendant vessel, Southern Comfort, her engines, tackle, apparel, furniture, and equipment, *in rem*, citing all persons having any interest therein to appear and answer this Complaint;

b. That this Court issue a Warrant for Arrest directing the U.S. Marshals Service to take the Defendant vessel into custody;

c. That Plaintiff be appointed as Substitute Custodian of the Defendant vessel pursuant to Plaintiff's Motion to Appoint Substitute

Custodian filed contemporaneously with this Verified Complaint, to maintain and safely keep the vessel during the pendency of this action;

d. That judgment be entered in favor of Plaintiff and against Defendant vessel *in rem* in the amount of $35,400.00, plus any additionally accrued dockage and berthing charges, accrued interest, costs, and reasonable attorneys' fees;

e. That the Defendant vessel be condemned and ordered sold by the Court, free and clear of all liens, mortgages, and encumbrances, and that the proceeds of the sale be applied first to the payment of the costs and expenses of this action and the custodial fees, and second to the satisfaction of Plaintiff's maritime lien; and

f. That Plaintiff be granted any such other relief this Court deems just and proper.

Respectfully submitted,

**/s/ Amanda J. Sharkey Ross**
Amanda J. Sharkey Ross

I HEREBY CERTIFY that on September 9, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF.

HENDERSON FRANKLIN STARNES & HOLT, PA
Attorney for Plaintiff
1715 Monroe Street
Post Office Box 280
Fort Myers, FL 33902-0280
Telephone: 239.344.1249

By: /s/ Amanda J. Sharkey Ross
AMANDA J. SHARKEY ROSS, ESQ.
Florida Bar No. 598666
amanda.ross@henlaw.com
tracey.salerno@henlaw.com

## Verification

State of OH )

County of Wcas )

Before me, the undersigned authority, personally appeared michael Staczek, who being by me first duly sworn, deposed, and stated as follows:

1. I am the owner of 18750 Sunset Landings Marina, the Plaintiff in the foregoing Verified Complaint *in rem*.

2. I am authorized to make this verification on behalf of Plaintiff.

3. I have read the foregoing Verified Complaint *in rem* and know and understand the contents thereof.

4. The facts stated therein are true and correct of my own personal knowledge.

[signatory]______

[title]

Sworn and subscribed to before me by means of passport, this 9 day of Sept, 2026, michael Staczek[signatory], who is personally known to me or has produced passport as identification.

[seal]

Carrie Williamson

Notary Public, State of OH.

My Commission Expires: 9-14-30.

NOTARIAL SEAL STATE OF OHIO

CARRIE WILLIAMSON
NOTARY PUBLIC, STATE OF OHIO
MY COMMISSION EXPIRES
SEPTEMBER 14, 2030